B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MITCH LAUNIUS, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF DWIGHT GLASGOW, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:06-CV-0579-B |
| ALLSTATE INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court are Defendant's Motion to Strike Designated Expert (doc. 21) and Plaintiff's Amended Motion to Exclude Expert Testimony (doc. 24). This suit arises out of Allstate Insurance Company's denial of an insurance claim that its insured, Dwight Glasgow, now deceased, made on a homeowner's insurance policy for damage to his home caused by fire. Allstate claims that Glasgow intentionally set the blaze, and it denied coverage on that basis. Mitch Launius, as independent administrator of Glasgow's estate, filed this suit against Allstate for breach of the contract of insurance between Glasgow and Allstate and for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

Allstate designated David Sneed, a fire consultant, as an expert witness in this matter. Sneed conducted an investigation of the fire on February 5, 2002 and issued a report on April 2, 2002 regarding the origin and cause of the fire. (App. to Def.'s Mot. to Strike Designated Expert ["Def. App."] at 2). Sneed concluded that the fire was set intentionally through the introduction and ignition of gasoline inside a 1988 Toyota Camry parked in Glasgow's driveway and on top of a 1984

- 1 -

Oldsmobile Cutlass parked in the garage. (*Id.* at 5-6). Launius seeks to exclude Sneed's testimony on the basis that Sneed is not qualified to testify as an expert witness and because his opinions are not reliable.

Launius has designated Gerald Hurst as an expert. Hurst has a doctoral degree in chemistry from Cambridge University and has over 30 years of experience in studying the initiation and prevention of fires and in analyzing fires and explosions. (App. to Pl.'s Resp. to Def.'s Mot. to Strike ["Pl.'s Resp. App."] at 1). In his report Hurst primarily criticizes the observations and findings of Sneed's investigation, and he puts forth various alternative accidental causes of the fire. (*Id.* at 2-8). He stated at his deposition that he is "not certain about the origin of this fire" (*id.* at 25), but he states in his report that "the most probable cause of the subject fire was the ignition of a layer of dry leaves on the driveway surface by either the exhaust system or the electrical system of the Toyota automobile." (*Id.* at 8). Allstate argues that Hurst is not qualified to testify about fire investigation and that his opinions are unreliable.

The Court finds that both Sneed and Hurst are qualified to testify as expert witnesses. Under Federal Rule of Evidence 702, an expert must be qualified by knowledge, skill, experience, training or education. FED. R. EVID. 702. An expert must possess a higher degree of knowledge or experience about an issue than an ordinary person would. *See Mukhtar v. California State Univ.*, 299 F.3d 1053, 1065 n.9 (9th Cir. 2002), *amended by* 319 F.3d 1073 (9th Cir. 2003). Since 1997, Sneed has been certified as a fire investigator by International Association of Arson Investigators ("IAAI"), one of two organizations that certify fire instructors in the United States. (App. to Def.'s Resp. to Pl.'s Am. Mot. to Exclude Expert Testimony ["Def. Resp. App."] at 14). Sneed has worked as a fire consultant since 1996, focusing on the investigation of losses due to fire, explosion, product liability and fraud.

(*Id.* at 18). Launius suggests that Sneed is not qualified to testify as an expert because he has no formal higher-level education in chemistry or the physical sciences. The mere lack of a academic training or formal college education will not render expert testimony inadmissible, however. *See Dresser v. Cradle of Hope Adoption Ctr., Inc.*, 421 F.Supp.2d 1024, 1033 (E.D. Mich. 2006). "Rule 702 specifically contemplates the admission of testimony by experts whose knowledge is based on experience." *See United States v. Parra*, 402 F.3d 752, 758 (7th Cir. 2005) (quoting *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000)). Sneed unquestionably has experience in the field of fire investigation, and he accordingly is qualified to testify on that subject at trial.

For his part, Hurst has been self-employed since 1980 as an explosion and fire analysis consultant. (Pl. Resp. App. at 1). In recent years he has analyzed fires in alleged arson and arson/murder cases in various state and federal jurisdictions. (*Id.*). Hurst is a member of the IAAI, but he is not a Certified Fire Instructor. (Def. App. at 123-124). He is also a member of the National Fire Protection Association and the American Chemical Society. (Pl. Resp. App. at 26). The Court finds that Hurst's educational background and experience has endowed him with a higher degree of knowledge about the field of fire investigation and/or analysis than a layperson and that his testimony will accordingly assist the trier of fact to determine the facts at issue in this case.

Each party also argues that the other's respective expert fails to satisfy the reliability requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Court finds that the parties' concerns over the presentation of "shaky" expert testimony can be addressed through forceful cross examination and the presentation of contrary evidence at trial. *See Daubert*, 509 U.S. at 596; *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). "[I]f it becomes apparent in trial that some of the testimony will not assist the trier of fact to understand the evidence, [the

parties] may object to such testimony." *See Hidalgo v. Cooley Godward*, 2004 WL 936859, at *3 (N.D. Tex. April 1, 2004).

For the foregoing reasons the Court DENIES Defendant's Motion to Strike Designated Expert (doc. 21) and Plaintiff's Amended Motion to Exclude Expert Testimony (doc. 24). The Court further DENIES Plaintiff's original Motion to Exclude Expert Testimony (doc. 19) as moot.

**SO ORDERED**.

**SIGNED April 18, 2007**

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**